UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDWARD O'TOOLE,

    Plaintiff,

v.                                  Case No. 8:15-cv-1834-T-33TBM

WELLS FARGO BANK, N.A.,

    Defendant.
_____/

**ORDER**

This matter comes before the Court in consideration of Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss Plaintiff's Complaint (Doc. # 19), filed on August 7, 2015. Plaintiff Edward O'Toole filed a response to the Motion to Dismiss (Doc. # 20) on October 20, 2015.[1]  For the reasons that follow, the Motion is granted and the case is dismissed pursuant to the Rooker-Feldman doctrine.

**I.  Factual Background and Procedural History**

In 1999, Edward O'Toole and his wife, Pamela O'Toole, purchased the property currently in dispute, located at 8989

---

[1] Although the caption appearing on the pro se Complaint only mentions Edward O'Toole as the Plaintiff, the body of the Complaint references both Edward O'Toole and Pamela O'Toole as Plaintiffs.  This difference is inconsequential as the Complaint is being dismissed for the reasons stated in this Order.

Fairchild Court, in New Port Richey, Florida. (Doc. # 1 at ¶ 5). The O'Tooles built a home on the property in 2002, and in 2008, discovered a sinkhole on the property. (Id. at ¶¶ 6-7). The O'Tooles filed a claim with Argus Fire and Casualty, a non-party, who did not pay the O'Tooles' claim because Argus filed for bankruptcy. (Id. at ¶¶ 8-9). The O'Tooles then made a claim to the Federal Insurance Guarantee Association but have yet to receive any payments. (Id. at ¶¶ 10-11).

On September 1, 2010, Wells Fargo instituted an action seeking to foreclose a mortgage executed by the O'Tooles. That action was styled: Wells Fargo Bank, N.A. v. O'Toole, et al., Case No. 512010CA006952CAAXWS, in the Circuit Court of the Sixth Judicial Circuit in and for Pasco County, Florida. (Doc. # 19-1). On July 20, 2011, that court entered a Final Judgment of Foreclosure in favor of Wells Fargo and against the O'Tooles. (Doc. # 19-2). On August 26, 2011, with the assistance of counsel, the O'Tooles filed an appeal of the Judgment of Foreclosure in the Second District Court of Appeal. (Doc. # 19-3). That Court entered an Order affirming the Final Judgment of Foreclosure on August 9, 2013. (Id.).

On August 7, 2015, Edward O'Toole, proceeding pro se, initiated this action by filing his Complaint in this Court.

2

(Doc. # 1). The Complaint brings three counts: recession pursuant to the Real Estate Settlement Procedures Act ("RESPA")(Count I), violation of Regulation X of RESPA (Count II), and violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA")(Count III).

Wells Fargo seeks dismissal of the Complaint arguing, among other things, this Court lacks subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure under the Rooker-Feldman doctrine. (Doc. # 19). At this juncture, O'Toole has retained counsel and has responded to the Motion to Dismiss. (Doc. # 20).

**II.  Legal Standard**

Federal courts are courts of limited jurisdiction. "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001).

Motions to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) may attack jurisdiction facially or factually. Morrison v. Amway Corp.,

3

323 F.3d 920, 924 n.5 (11th Cir. 2003). When the jurisdictional attack is factual, the Court may look outside the four corners of the complaint to determine if jurisdiction exists. Eaton v. Dorchester Dev., Inc., 692 F. 2d 727, 732 (11th Cir. 1982). In a factual attack, the presumption of truthfulness afforded to a plaintiff under Rule 12(b)(6) does not attach. Scarfo v. Ginsberg, 175 F.3d 957, 960 (11th Cir. 1999)(citing Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990)). Because the very power of the Court to hear the case is at issue in a Rule 12(b)(1) motion, the Court is free to weigh evidence outside the complaint. Eaton, 692 F.2d at 732.

## III. Analysis

Wells Fargo seeks dismissal of O'Toole's Complaint arguing this Court lacks subject matter jurisdiction under the Rooker-Feldman doctrine. Rooker v. Fid. Tr. Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1986). "The Rooker-Feldman doctrine precludes courts—other than the United States Supreme Court—from reviewing final judgments of state courts." Figueroa v. MERSCORP, Inc., 477 Fed. Appx. 558, 560 (11th Cir. 2012) (citing Casale v. Tillman, 558 F.3d 1258, 1260 (11th Cir. 2009)). The Rooker-Feldman doctrine "makes clear that federal

4

district courts cannot review state court final judgments because that task is reserved for state appellate courts or, as a last resort, the United States Supreme Court." Casale, 558 F.3d at 1260.

The Supreme Court held in Exxon Mobil Corp. v. Saudi Basic Industries Corp., that the Rooker-Feldman doctrine "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." 544 U.S. 280, 284 (2005). Further, the Rooker-Feldman doctrine applies to claims that are "inextricably intertwined with the state court's judgment." Casale, 558 F.3d at 1260 (citing Feldman, 460 U.S. at 482, n.16).

A claim is said to be inextricably intertwined with a state-court judgment under two scenarios: "(1) where the success of the federal claim would 'effectively nullify' the state court judgment; and (2) where the federal claim 'succeeds only to the extent that the state wrongly decided the issues.'" Springer v. Perryman, 401 Fed. Appx. 457, 458 (11th Cir. 2010) (citing Casale, 558 F.3d at 1260).

5

Although Wells Fargo cites to Amos v. Glynn County Board of Tax Assessors, 347 F.3d 1249, 1265 n.11 (11th Cir. 2003), for its iteration of a four-part test to apply when examining the Rooker-Feldman doctrine, the Eleventh Circuit no longer adheres to that test after the Supreme Court's decision in Exxon Mobil.

Specifically, in Nicholson v. Shafe, 558 F.3d 1266, 1274 (11th Cir. 2009), the court explained: "Rather than apply Amos, we adhere to the language in Exxon Mobil, delineating the boundaries of the Rooker–Feldman doctrine." See also, Arthur v. JP Morgan Chase Bank, NA, 569 Fed. Appx. 669, 675 (11th Cir. 2014)("The district court applied the four-part test this Court approved in Amos v. Glynn County Board of Tax Assessors, 347 F.3d 1249 (11th Cir. 2003), to determine whether the Rooker-Feldman doctrine barred the Walshes' claims. However, following Exxon Mobil, this Court rejected that test in favor of strict reliance on the language found in Exxon Mobil.").

Here, the Court determines that application of the Rooker-Feldman doctrine deprives the Court of jurisdiction over this case. First, the Court determines that the state-court proceedings have ended. As noted above, the Circuit Court of Pasco County entered the Final Judgment of

6

Foreclosure on July 20, 2011, and the Second District Court of Appeal affirmed the Final Judgment of Foreclosure on August 9, 2013. The time to file an appeal to the Florida Supreme Court has long passed, and no state court litigation remains pending. See Velazquez v. S. Fla. Fed. Credit Union, 546 Fed. Appx. 854, 857 (11th Cir. 2013)(reciting test for determining whether state-court proceedings have ended for purposes of making a Rooker-Feldman determination).

Turning to the next step of the analysis, the Court determines that the O'Tooles are "state-court losers complaining of injuries caused by state-court judgments . . . and inviting district court review and rejection of those judgments." Exxon Mobil, 544 U.S. at 284. This analysis includes "evaluating[ing] whether the plaintiff's claims are inextricably intertwined with the state court judgment." Velazquez, 546 Fed. Appx. at 857 (citing Casale, 558 F.3d at 1260).

As amply demonstrated above, O'Toole is someone who has lost in state court. The Second District Court of Appeal affirmed the Final Judgment of Foreclosure and O'Toole's present action is his attempt to nullify that judgment. O'Toole's claims asserted in this action are inextricably intertwined with the state courts' judgments because all of

7

O'Toole's claims ask this Court to rescind the foreclosure proceedings. Thus, the Complaint invites this Court to review and reject those judgments by "effectively nullifying" both state court judgments. Springer, 401 Fed. Appx. at 457; see also Valentine v. BAC Home Loans Servicing, L.P., No. 14-15196, 2015 WL 9461726, at *2 (11th Cir. Dec. 28, 2015)(recognizing that the complaint invited the district court to review and reject a state-court judgment when the pro se complaint stated: "Plaintiffs wish to get an order setting aside the judgment of foreclosure.").

In addition, the Court finds that O'Toole had a reasonable opportunity to raise the issues that he is now complaining of when he was a litigant in state court. See Cavero v. One W. Bank, FSB, 617 Fed. Appx. 928, 930-31 (11th Cir. 2015)("there was nothing in the record to suggest that the Caveros were deprived of the opportunity to present the instant [RESPA and FDUTPA] claims before the state court."); Symonette v. Aurora Loan Servs., LLC, No. 14-15220, 2015 U.S. App. LEXIS 19842, at *3-4 (11th Cir. Nov. 16, 2015)(affirming application of Rooker-Feldman doctrine when a pro se complaint alleging RESPA violations "was filed with the intent to attack the state court's August 2009 foreclosure

judgment [and] the appellants had a reasonable opportunity to bring their federal claims in state court.").

Finally, O'Toole suggests in his response to Wells Fargo's Motion to Dismiss that an extrinsic fraud exception prevents this Court from dismissing his Complaint under Rooker-Feldman. (Doc. # 20 at ¶¶ 5-8). However, the Eleventh Circuit has yet to recognize the application of such an exception. Valentine, 2015 WL 9461726, at *3 (stating that the Eleventh Circuit "ha[s] not said whether there is an extrinsic fraud exception to the Rooker-Feldman doctrine.").

Even if an extrinsic fraud exception exists, it was not alleged in the Complaint and cannot be inserted now to prevent dismissal.  Furthermore, O'Toole's response to the Motion to Dismiss contains no discussion of why such an exception would apply in this case, even if the Court were to find that such an exception existed.

After due consideration, the Court finds that it lacks subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure under the Rooker-Feldman doctrine.  The state-court proceedings have ended and O'Toole is a state-court loser complaining of injuries caused by state-court judgments.  In addition, O'Toole's Complaint is inextricably intertwined with the concluded state-court

9

proceedings. As such, this Court is prohibited from "effectively nullifying" those state-court judgments. Springer, 401 Fed. Appx. at 458. Since the application of the Rooker-Feldman doctrine is a threshold jurisdictional matter, the Court need not address the remaining arguments presented by Wells Fargo in its Motion. See Cavero, 617 Fed. Appx. at 929 (citing Brown v. R.J. Reynolds Tobacco Co., 611 F.3d 1324, 1330 (11th Cir. 2010)).

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. Defendant Wells Fargo's Motion to Dismiss Plaintiff O'Toole's Complaint (Doc. # 19) is **GRANTED**.
2. This case is dismissed for lack of subject matter jurisdiction.
3. The Clerk is directed to close the case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 8th day of March, 2016.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE